[No. 2112.]

## T. A. WILLIAMS v. THE STATE.

THEFT — INFORMATION — OWNERSHIP.— The complaint cannot be looked to, in order to supply the omission of an essential averment in the information. The information must be sufficient of itself, and if upon its face it is substantially defective, such defect cannot be obviated by extraneous matter. In omitting to allege the ownership of the property charged to be stolen, the information in this case was fatally deficient.

APPEAL from the County Court of Rains.   Tried below before the Hon. E. P. Kearby, County Judge.

The opinion sets out the charging part of the information, which discloses the case.   The punishment assessed against the appellant was a fine of $50 and confinement in the county jail for the period of twenty-four hours.

*F. E. Scott* and *T. C. Thornton*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.   The charging part of the information is as follows:   "That T. A. Williams did, in the county of Rains, and State of Texas, on or about the 14th day of December, A. D. 1884, fraudulently take, steal and carry away seven hundred and thirty feet of lumber of the value of $7.30; said lumber was taken from the pos-

session of J. F. Stivers, and was obtained from said Stivers by fraudulent representations made by the said Williams, to the effect that the said Williams was authorized to get said lumber for the Brooklin School Community, and that said lumber was then and there the property of M. A. Vincent, A. N. Abercrombie and W. M. Reeves, as trustees of said Brooklin School Community; and that said lumber was so fraudulently taken without the consent of the owner, with intent to deprive the owner of the value of the said lumber and to appropriate it to the use and benefit of him, the said T. A. Williams."

It will be observed that the information does not allege who was the owner of the lumber. It is alleged that it was taken from the possession of Stivers, but it is not alleged that Stivers was the owner. Nor is it alleged that the Brooklin School Community, or the trustees of said community, owned the lumber. If we were permitted to refer to the complaint in aid of the information, we could hold the information in respect to the allegation of ownership to be sufficient, because in the complaint it is directly stated that the lumber was the property of M. A. Vincent, A. N. Abercrombie and W. M. Reeves, as trustees of said Brooklin School Community. But we cannot look to the complaint to supply the omission of an essential averment in the information. An information must be sufficient of itself, and if upon its face it is substantially defective, such defect cannot be obviated by extraneous matter.

Because the information fails to allege the ownership of the lumber, it is substantially defective, and the judgment is therefore reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered November 21, 1885.]